**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor, | : : : : | |
| Plaintiff, | : : | Civil Case No. 1:17-cv-00203 |
| v. | : : : | |
| G.E.M. INTERIORS, INC., an Ohio corporation; GREGORY E. MASSIE, an individual; BENJAMIN BARGER, an individual; LISA PACK, an individual; and MELISSA HAYES, an individual, | : : : : : : | |
| Defendants. | : : : | |

## COMPLAINT

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, G.E.M. Interiors, Inc., an Ohio corporation, Gregory E. Massie; an individual, Benjamin Barger, an individual; Lisa Pack, an individual; and Melissa Hayes, an individual (hereinafter collectively "Defendants"), from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act"), pursuant to Section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the Act.

Introduction

As alleged more fully below, Defendants willfully and repeatedly violated the FLSA in operating their construction business, by using various schemes to evade their

minimum wage, overtime and recordkeeping obligations under the FLSA. The principle scheme used by Defendants was to designate certain employees as "labor providers." Defendants then treated the majority of workers employed on Defendants' projects as employees of these "labor providers," rather than as employees of Defendants, despite the fact that these workers were, as a matter of economic reality, Defendants' employees.

Defendants were aware that these workers worked substantial overtime hours, but paid the intermediary "labor providers" in such a manner that precluded the workers from being paid proper overtime compensation. In fact, the "labor provider" arrangement appears to have served no purpose other than to enable Defendants to evade their FLSA obligations by creating the false impression that Defendants' employees were in fact not their employees.

## I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act and 28 U.S.C. §1345.

## II.

(a) Defendant G.E.M. Interiors, Inc. ("G.E.M.") is, and at all times hereinafter mentioned, was an Ohio corporation with an office and place of business at 769 U.S. Highway 50, Milford, Ohio, in Clermont County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the construction business and in the performance of related types of activities.

(b) Defendant Gregory E. Massie, an individual, resides at 4852 Rockdale Road, Hamilton, Ohio 45011, within the jurisdiction of this Court. Defendant Massie is a 40% shareholder of Defendant G.E.M. and at all times hereinafter mentioned, actively

supervised the day-to-day operations and management of G.E.M. in relation to its employees. Defendant Massie acted directly or indirectly in the interest of G.E.M. in relation to its employees.

(c) Defendant Benjamin Barger, an individual, resides at 2732 Ireton Trees Road, Moscow, Ohio 45153, within the jurisdiction of this Court. Defendant Barger's spouse is a 40% shareholder of Defendant G.E.M., and at all times hereinafter mentioned Defendant Barger actively supervised the day-to-day operations and management of G.E.M. in relation to its employees. Defendant Barger acted directly or indirectly in the interest of G.E.M. in relation to its employees.

(d) Defendant Lisa Pack, an individual, resides at 2394 Half Hill Road, Bethel, Ohio 45106, within the jurisdiction of this Court. Defendant Pack is a 5% shareholder of Defendant G.E.M. and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of G.E.M. in relation to its employees. Defendant Pack acted directly or indirectly in the interest of G.E.M. in relation to its employees.

(e) Defendant Melissa Hayes, an individual, resides at 1884 State Route 222, Bethel, Ohio 45106, within the jurisdiction of this Court. Defendant Hayes is a 5% shareholder of Defendant G.E.M. and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of G.E.M. in relation to its employees. Defendant Hayes acted directly or indirectly in the interest of G.E.M. in relation to its employees.

### III.

Defendants are, and at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common

business purpose and at all times hereinafter mentioned, were an enterprise within the meaning of Section 3(r) of the Act.

## IV.

Defendants are, and at all times hereinafter mentioned were, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## V.

(a)  Defendants repeatedly and willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing an employee engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for wages at a rate less than $7.25 per hour for time worked beginning on July 1, 2012.  Specifically, Defendants made improper deductions from an employee's wages that resulted in the employee's regular rate of pay dropping below the federal minimum wage.

## VI.

(a)  Defendants repeatedly and willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours, without compensating said

employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants improperly paid only straight time wages to its employees, treated some employees as independent contractors without paying them overtime wages, and misrepresented the overtime hours worked by their employees.

(b) In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly and willfully violate the provisions of Sections 7 and 15(a)(2) of the Act by continuing to employ employees in commerce or in the production of goods for commerce, within the meaning of the Act or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.

## VII.

Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of their employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. §516, in that records fail to show adequately and accurately, among other things, the number of hours worked each day and each workweek by their employees.

## VIII.

During the period since at least July 1, 2012, Defendants have repeatedly and willfully violated the provisions of the Act as set forth above.  A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the Court to be due to present and former employees under the Act is expressly authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A.      For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

B.      For an Order:

1.      pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit 1 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2.      pursuant to Section 17, enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime compensation found to be due Defendants' employees and pre-judgment interest

computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C.   For an Order awarding Plaintiff the costs of this action; and

D.   For an Order granting such other and further relief as may be necessary and appropriate.

_____
MATTHEW M. SCHEFF (0082229)
HEMA STEELE (0081456)
Trial Attorneys
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-3870; Fax (216) 522-7172
*Scheff.Matthew@dol.gov*
*Steele.Hema@dol.gov*

OF COUNSEL:

NICHOLAS C. GEALE
Acting Solicitor

CHRISTINE Z. HERI
Regional Solicitor

BENJAMIN T. CHINNI
Associate Regional Solicitor

MAUREEN M. CAFFERKEY
Counsel for Wage Hour